UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
ADAM LESNICK,                       :  05 Civ. 4719 (JCF)
                                    :
           Petitioner,              :  MEMORANDUM
                                    :  AND ORDER
    - against -                     :
                                    :
FREDRICK MENIFEE, Warden in his     :
Official Capacity,                  :
                                    :
           Respondent.              :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

In a Memorandum Opinion and Order dated October 7, 2005, I held invalid a Bureau of Prisons ("BOP") regulation limiting the period during which an inmate could be designated to a Community Corrections Center ("CCC") to ten percent of the inmate's sentence. See 28 C.F.R. § 570.21. Specifically, it conflicts with the statutory requirement that in designating a place of confinement, the BOP take into consideration five factors: the resources of the facility, the nature and circumstances of the offense, the history and characteristics of the prisoner, any statements of the court at the time of sentencing, and any pertinent policy statement of the Sentencing Commission. 18 U.S.C. § 3621(b). Accordingly, I granted Adam Lesnick's petition and directed the BOP to determine his eligibility for placement in a CCC utilizing the statutory criteria and disregarding the regulation, pursuant to which his period of CCC placement had been limited to 55 days.

By letter dated October 27, 2005, the government advised me

1

that a new determination had been made, recommending Mr. Lesnick for placement in a CCC for a period of 60-90 days. (Letter of Mara E. Trager dated Oct. 27, 2005). Subsequently, Mr. Lesnick was given a set date of December 27, 2005 for placement, meaning that he will reside in a CCC for 90 days. (Letter of Jeannette A. Vargas dated November 14, 2005 ("Vargas Letter"), at 1). Mr. Lesnick then submitted a letter complaining that the BOP had not complied in good faith with my order and seeking statistics regarding the placement of other inmates.

The government has detailed how the BOP's determination took into account four of the five statutory factors. (Vargas Letter at 1-2). There is no indication that the Sentencing Commission issued any policy statement that would be pertinent to Mr. Lesnick's case, and so that fifth factor is immaterial. There is no basis for supposing that the BOP did not conduct its review in good faith and therefore no reason to second-guess a determination that is generally committed to the agency's discretion. See Schoenfeld v. Apker, No. 04 Civ. 3551, 2004 WL 1837360, at *4 (S.D.N.Y. Aug. 17, 2004); Zucker v. Menifee, No. 03 Civ. 10077 (S.D.N.Y. March 9, 2004) (slip op.).

Likewise, Mr. Lesnick has not established good cause for discovery. He has provided no information from which it could be inferred that he has been treated differently from any other inmate. Indeed, the data that the government has voluntarily

2

disclosed shows that inmates with similar sentences have received CCC placement for widely varying periods of time, based on their individual circumstances.

Accordingly, Mr. Lesnick's application is denied in all respects.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         November 18, 2005


Copies mailed this date:

Adam Lesnick
67850-065
FCI Otisville
P.O. Box 1000
Otisville, New York  10963

Eileen and David Lesnick
559 Amberst Drive
Woodmere, New York  11598

Mara E. Trager, Esq.
Jeanette A. Vargas, Esq.
Assistant United States Attorneys
86 Chambers Street
New York, New York  10007